**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail:    maimons@aol.com


Attorney for Plaintiffs
DEEPA PATEL,
CALIFORNIA ONE
HOSPITALITY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPA PATEL; CALIFORNIA ONE HOSPITALITY LLC,<br><br>Plaintiffs,<br><br>v<br><br>CITY OF STANTON, a municipal corporation; DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

1

Plaintiffs DEEPA PATEL, CALIFORNIA ONE HOSPITALITY, LLC (collectively "Plaintiffs," or individually "DP," or "COH") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983. State Supplemental Jurisdiction exists under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiffs are the legal and beneficial owners of a real property commonly known as the DIXIE ORANGE COUNTY ("Motel," or "DOC") located at 11632 Beach Blvd., Stanton, CA 90680.

3. Defendant CITY OF STANTON, a municipal corporation, was at all times material herein an incorporated municipality in Orange County, CA, duly formed under the laws of the State of California. ("City," or collectively with all other defendants "Defendants").

4. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of

the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff DP is a successful real estate and motel developer who, along with her family, has successfully operated DOC and other properties in the Southern California area.

8. During the time that Plaintiffs have owned and operated DOC, they have done so lawfully and in compliance with all local, state and federal laws.

9. On December 20, 2023, the City Planning Commission adopted Resolution No. 2662, revoking Planning Commission Resolution No. 859 (which approved Precise Plan of Design P-435) ("Permit"), in effect denying further operation of DOC as a motel.

10. The revocation was oppressive and disproportionate, and in violation of due process, as there was no evidence that Plaintiffs had ever been cited for criminal or administrative fines in the past at the motel, except a recent dispute that gave rise to an unfounded administrative citation regarding a gate that was placed in the front of

DOC by Plaintiffs at the request of the City and the Orange County Sheriffs Department ("OC Sheriffs").

11. The Planning Commission did not even consider alternative conditions in lieu of revocation, and revoked the permit in the first instance.

12. The motel, has not and is not operating as a nuisance and the evidence used by the Planning Commission was unsubstantiated hearsay, and redacted police reports and calls for service in violation of Plaintiffs' procedural due process rights.

13. The revocation was also clearly retaliatory in violation of Plaintiffs' First Amendment constitutional rights under the Petition and Grievances Clause. as Plaintiffs, have applied to the City to build an addition of 14 new units to the existing hotel which has 36 units. The project is entitled Site Plan and Design Review No. SPDR-816. ("Project").

14. As stated in paragraph 10 above, Plaintiffs placed a gate at the motel upon the request of the City and various City officials, including the OC Sheriffs which acts as a law enforcement agency for the City.

15. Despite placing the gate at the request of the City, Plaintiffs were cited for an administrative citations by the City for placing the gate at DOC as a result of Plaintiffs complaining to the City, and City officials, that the City was making unfounded allegations that DOC was operating as a nuisance, with the City claiming among other matters that DOC was fostering criminal activity, and Plaintiffs further stating to the City, and City officials, that the City was using the unfounded claim

that the motel was operating as a nuisance as a basis to delay approval of the Project.

16. The motel is not in violation of any municipal, state or federal law.

17. The motel has never, and is not at present operated as a public nuisance under the ownership and operation of Plaintiffs.

18. Plaintiffs appealed the administrative citation within the past two months and the City revocation proceeding by the City Planning Commission to revoke Planning Commission Resolution No. 859 immediately followed.

19. In the course of issuing Plaintiffs the administrative citations on September 28, 2023, listed as Citation Nos. AC007165, AC 005332, and AC007164 (collectively "Citations"), the City officials have threatened Plaintiffs with unfounded criminal Sanctions.

20. Over the course of at least one year prior to the filing of this complaint, the City, and City officials, and the OC Sheriffs, have been entering the motel on a daily basis approximately three to five times a day, without a warrant or consent, harassing the motel guests, and at times blocking access to the motel, and even entering the locked guest units by force without a warrant or consent, and inspecting motel registration records without a warrant or consent.

21. Further, at the December 20, 2023 City Planning Commission hearing on revoking the Permit to operate DOC, certain Planning Commission members made very deprecatory and unsubstantiated remarks against Plaintiffs' counsel of record at the hearing,

22. On January 2, 2024, Plaintiffs filed a timely appeal of the City Planning Commission decision to revoke the Permit for DOC to the City Council.

23. At the appeal hearing of the Citations, Plaintiffs requested that the administrative hearing officer, who is not a City employee, and was paid and unilaterally chosen by the City to hear the appeal without Plaintiffs' consent, to recuse himself based on an appearance of bias claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

24. The administrative hearing officer refused to do so, and went on to conduct the hearing in several sessions, and on December 12, 2023, a decision was rendered by the hearing officer denying the appeal and found the Citations to be valid, this despite the fact that there was no valid evidence, supporting the Citations.

25. The actions taken by the City, and the Defendants, and each of them. has also been done in order to transfer the motel to a third party developer at a reduced purchase price, as part of a City policy to close the motel.

Based on the above facts, Plaintiffs allege the following claims.

## FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)**

26. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-25 above.

27   Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations,

customs and usages of the City of Stanton and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

28. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, in that similarly situated motels in the near vicinity of this motel, do not have the interference with their business as does DOC.

29. Plaintiffs further allege that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, as described in paragraphs 1-25 set forth herein, pursuant to the City's official policy, custom or practice.

30. Individual Defendants are not entitled to any immunity, qualified or otherwise, City whose identity are unknown now, are not entitled to qualified immunity.

31. As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and is also entitled to appropriate declaratory and injunctive relief. Plaintiffs are also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

**(Appeal by All Plaintiffs Against Defendant City of Stanton Only Pursuant to California Government Code Section 53069.4)**

32. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-31 above.

33. Plaintiffs estate remedy in seeking review of the City's decision to deny the appeal of the Citations, is to seek de novo review under California Government Code section 53069.

34. The City violated its duties both under California state law and federal law, and specifically, although not limited to, violating by hearing the matter in a manner as required by law, and without the support of competent evidence, or even an explanation of the basis of the decision.

35. Plaintiffs elect to not expose their federal constitutional claims in this state supplemental claim and preserve their federal constitutional claims to be litigated under 42 U.S.C. 1983 and by way of an England reservation. See England v Medical Examiners, 375 U.S. 411 (1964).

36.. By the City failing to give the required notice under California Code of Civil Procedure section 1094.6, or equivalent section therein, this claim is tolled under applicable California law, and is also equitably tolled under Ninth Circuit precedent.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but

   believed to be not less than $10,000,000.00;

2. For appropriate declaratory and injunctive relief;

3. For attorney's fees;

### SECOND CLAIM FOR RELIEF

4   For a de novo hearing and vacating the City's denial of Plaintiffs' appeal and imposition of the Citations;

### FOR ALL CLAIMS FOR RELIEF

5. For costs of suit;

6. For such other and further relief as the Court deems proper.

Dated: January 2, 2024            LAW OFFICES OF FRANK A. WEISER

                                  By: /s/ Frank A. Weiser
                                  _____
                                  FRANK A. WEISER, Attorney for
                                  for Plaintiffs DEEPA PATEL,
                                  CALIFORNIA ONE
                                  HOSPITALITY, LLC

.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: January 2, 2024          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for
for Plaintiffs DEEPA PATEL,
CALIFORNIA ONE
HOSPITALITY, LLC